UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEN RAMOS,**

      **Plaintiff,**

                                    Case No.:  8:18-cv-2746-T-24CPT

v.

**AVATAR PROPERTY &**
**CASUALTY INSURANCE COMPANY,**
**and HITEST P. ADHIA, an individual,**

      **Defendants.**
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

      Defendants, Avatar Property & Casualty Insurance Company and Hitesh P. Adhia ("Defendants"), move to dismiss the Complaint filed by Plaintiff, Ken Ramos, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is supported by the following Memorandum of Law.

## MEMORANDUM OF LAW

**I.    Introduction**

      Plaintiff's Complaint fails to state a cause of action because it does not allege any cognizable claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), nor under Florida law.  Further, to extent the FLSA claim warrants dismissal, the Court should dismiss the state law claim for lack of jurisdiction.

II.  Argument

    A.  **Plaintiff fails to meet the Rule 8 pleading standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A plaintiff must therefore provide more than mere "labels and conclusions" or a "recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While all well-pleaded material allegations must be accepted as true, a court should not accept legal conclusions that are presented as factual allegations or threadbare recitals of the elements when analyzing whether a plaintiff has stated a claim for relief. Ashcroft v. Iqbal, 556, U.S. 662, 678 (2009).

Further, Rule 8 requires a complaint to contain sufficient facts to show that the claim is "plausible on its face." Twombly, 550 U.S. at 570. The factual allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, the factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. And as the Eleventh Circuit has long held, "at a minimum, notice pleading requires that a complaint contain inferential allegations from which [the Court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001).

Because Plaintiff has failed to allege any actual violation of the FLSA, and instead asserts that he has a claim with mere legal conclusions, his Complaint falls woefully short of the Rule 8 pleading standard. Further, no discernible state law cause of action is alleged. For these reasons, the Complaint must be dismissed.

### B. The FLSA does not provide a cause of action for misclassification.

The first count of the Complaint attempts to state a claim for "misclassification" under the FLSA, claiming that Defendants had an employment relationship with Plaintiff rather than a purely contractual relationship.  See Dkt. 1 at ¶¶ 19.  Even accepting this allegation as true for purposes of this motion, Count I fails to allege any actual violation under the FLSA, such as a minimum wage or overtime problem.  Id. at ¶ 20.  Instead, the claim baldly asserts that Plaintiff is entitled to "back pay."  Id. at 23.  These allegations do not support a viable FLSA claim.

While the FLSA definitions of "employer" and "employee" are broad, they do not cover independent contractors.  Scantland v. Jeffry Knight, Inc., 721 F.3d 1308 (11th Cir. 2013) citing Rutherford Food v. McComb, 331 U.S. 722, 728-29 (1947).  The crux of Plaintiff's allegations are that Defendants wrongfully classified him as an independent contractor, and that he should have been entitled to the employee protections of the FLSA.  Dkt. 1 at ¶ 13.  But the pleading stops short of alleging an *actual violation* of the FLSA even if the misclassification argument is accepted as true.

Courts in this jurisdiction have held that pleading a FLSA claim is straightforward.  "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."  Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008) citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5).  Section 215 of the FLSA delineates the prohibited acts under the law, including violating section 206 (regarding the minimum wage), section 207 (regarding maximum hours of work), section 211(c) (regarding record-keeping requirements), and section 212 (regarding child labor).  See 29 U.S.C. § 215.

Section 216 of the FLSA, which provides for enforcement of the FLSA and penalties for violations, further confirms what the prohibited acts under the law actually are. It provides for fines and imprisonment for violations of section 215 (29 U.S.C. § 216(a)), a right of action and damages for violation of sections 206 or 207 (29 U.S.C. §216 (b)), actions by the Secretary of Labor (29 U.S.C. §216(c)), and penalties for child labor violations. 29 U.S.C. § 216(e).

Nothing in section 215 provides for a standalone cause of action for misclassification. And nothing in section 216 allows for Plaintiff to recover damages for simply "back pay" that is unattributable to the minimum wage or overtime wages due. Plaintiff's Complaint is devoid of allegations that, if proven, would constitute an actual prohibited act under section 215, and this failure renders Defendants unable to respond. Plaintiff does not allege, for example, that Defendants failed to pay him the minimum wage in a given workweek, nor does he allege that he worked more than 40 hours in a workweek without receiving overtime compensation.

Even an allegation that the employer did not pay the employee for a given hour of work is not enough to state a minimum wage claim, because the minimum wage violation is determined by whether the total compensation received for the workweek averages to more than the minimum wage, *not* whether any given hour was paid. "The express private right of action found in § 216(b) of the FLSA is limited in an important respect: It is available only when an employee is owed unpaid minimum wages, or unpaid overtime compensation as a result of a minimum-wage or overtime violation." McDaniel v. Trend Aviation LLC, No. 617CV00193ORL37KRS, 2017 WL 1476311, at *2 (M.D. Fla. Apr. 25, 2017) (holding that the FLSA contains no remedy for unpaid contractual wages which exceed the minimum wage). See also Bolick v. Brevard Cty. Sheriff's Dep't, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996) ("All that

4

the FLSA requires is that an employee be paid at least the minimum wage for all hours worked, and if no exemption applies, overtime pay for each hour in excess of the statutory minimum.").

Courts within the Eleventh Circuit have dismissed purported FLSA claims for similar pleading failures. See Brown v. Luna Dev. Corp., 104 F. Supp. 3d 1376, 1378 (S.D. Fla. 2015) (dismissing complaint where plaintiff alleged merely a failure to pay overtime wages, and failed to plead how that failure resulted, giving examples of off-the-clock work); Cooley v. HMR of Alabama, Inc., 259 F. Supp. 3d 1312, 1319 (N.D. Ala. 2017) ("in order to plausibly state a claim for failure to pay overtime under the FLSA, the Plaintiffs must provide sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the Defendant failed to pay the requisite overtime premium for those overtime hours."). Because Plaintiff's Complaint does not even mention one of the prohibited acts in the FLSA, let alone plead it in a manner that Defendants could answer, it is due to be dismissed for failure to state a claim.

### C.  Plaintiff fails to state a claim for "wage theft."

The second count of the Complaint, which purports in its title to state a claim for "wage theft," simply alleges that Plaintiff performed services and Defendants failed to pay for them, and requests attorney's fees pursuant to Section 448.08, Florida Statutes. Dkt. 1 at ¶¶ 25-27. The allegations do not refer to any Florida law providing a cause of action or any recognizable common law theory, and as such, fail to make clear what claim is being pursued.

"The rules of procedure that apply in federal cases—even those in which the controlling substantive law is that of a state—are the Federal Rules of Civil Procedure." Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1260 (11th Cir. 2015) (internal quotation omitted). Accordingly, any claim based in state law must be stated in accordance with

the pleading standard articulated in the Federal Rules of Civil Procedure. If Plaintiff is attempting to state a claim under Florida law, he has failed to meet the federal pleading standard, and failed to identify any valid cause of action.

Finally, if Count I is properly dismissed, the remaining allegations in the Complaint are insufficient to demonstrate the Court would have subject-matter jurisdiction over Count II, because Count II appears to be based in state law. Defendants would request that the Court decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over Count II if it finds that Count I is due to be dismissed. See Mousa v. Lauda Air Luftfahrt, A.G., 258 F. Supp. 2d 1329, 1347 (S.D. Fla. 2003) ("If all the federal law claims in an action have been eliminated before trial and only pendent state law claims remain, the court generally should [dismiss] the case, even though it was originally properly [filed] based upon federal question jurisdiction.") (citations omitted).

**III.   Conclusion**

Because Plaintiff's allegations do not support recognized claims, and because the Court can decline to exercise jurisdiction over the remainder of the case if Count I is properly dismissed, the Complaint must be dismissed.

WHEREFORE, based upon the foregoing, Defendants respectfully requests that the Court dismiss the Complaint and grant such other and further relief as may be appropriate.

Respectfully submitted this 21st day of December, 2018.

/s/ Bridget E. McNamee
Kevin D. Johnson
Florida Bar No.: 13749
Bridget E. McNamee
Florida Bar No.: 96460
JOHNSON JACKSON LLC
100 N. Tampa St., Suite 2310
Tampa, FL 33602
Tel: 813-580-8400
Fax: 813-580-8407
Email: kjohnson@johnsonjackson.com
   bmcnamee@johnsonjackson.com
Secondary Email:
   cmarcheterre@johnsonjackson.com
   talbertson@johnsonjackson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December, 2018, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to the following attorney for Plaintiff:

Jason Scott Coupal
Ayo and Iken PLC
4807 US Highway 19, Ste 202
New Port Richey, FL 34652
jasonc@myfloridalaw.com

/s/ Bridget E. McNamee
Attorney