# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KEN RAMOS,

    Plaintiff,

vs.

Case No.: 8:18-cv-2746-T-24CPT

AVATAR PROPERTY &
CASUALTY INSURANCE COMPANY,
and HITESH P. "JOHN" ADHIA, an individual,

    Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KEN RAMOS, by and through the undersigned counsel, sues Defendants AVATAR PROPERTY & CASUALTY INSURANCE COMPANY ("AVATAR") and JOHN ADHIA ("ADHIA") (collectively "Defendants"), and in support thereof states as follows:

## INTRODUCTION

Defendants, an insurance carrier and its CEO/President, misclassified an employee adjuster as an "independent contractor" in order to avoid liability for minimum wage and overtime. In doing so, they violated the Fair Labor Standards Act. Additionally, Defendants' failure to pay Petitioner at the appropriate rate of pay constitutes common law conversion, and, pursuant to Florida law, Defendants are liable to pay damages and attorney's fees.

## PARTIES, JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act ("FLSA").

2. Venue is proper in this District because a) the headquarters of the corporate Defendant are located there, and b) the individual Defendant resides there.

3. Plaintiff resides in the District, and all damages suffered by the Plaintiff occurred within the District.

4. Defendant AVATAR is a property and casualty insurance company that issues coverage to residents of Florida and elsewhere.

5. Defendant ADHIA is the President and CEO of AVATAR, and was personally responsible for establishing AVATAR's pay policies.

6. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(I).

7. At all times material hereto, AVATAR was an enterprise engaged in commerce within the meaning of the FLSA.

8. At all times material hereto, AVATAR was an employer within the meaning of the FLSA.

9. Upon information and belief, Defendants are subject to the FLSA pursuant to enterprise coverage because the annual gross revenue of Defendants exceeded more than $500,000 per year during the relevant time periods.

10. Upon information and belief, Defendants are engaged in interstate commerce, as they accept payments from policyholders out of state, and utilize the services of out-of-state enterprises.

11. All conditions precedent to the filing of this action have been performed.

**GENERAL ALLEGATIONS**

12. Prior to January 26, 2018, Plaintiff was employed by AVATAR as a full-time property and casualty adjuster. He was paid a salary of $49,000.00 per year, plus bonuses and other benefits.

13. On or about January 26, 2018, Plaintiff, and other employees similarly situated, were notified by AVATAR that they would henceforth be classified as "independent adjusters." Instead

of receiving a salary or hourly wages, Plaintiff would receive a fee for particular services performed. Plaintiff was presented with an "Independent Adjuster Agreement," a copy of which is attached hereto as Exhibit "A," that purported to establish former employees as "independent contractors." The party who was to sign on behalf of AVATAR was ADHIA, who was responsible for creating the "Independent Adjuster Agreement."

14. Although the "Independent Adjuster Agreement" purported to redefine the relationship between Plaintiff and AVATAR, his obligations to AVATAR, and their control over him, remained the same as when he was considered an employee. Plaintiff was required to respond to AVATAR's requests for work, and could not refuse them. He was required to be signed into the company's systems and be "on call" for jobs during the week and on weekends, responding to calls at any time of the day and night. He was responsible for following the same rules regarding the performance of his work that he did when he was considered an employee, and reported to the same individuals. He continued to use the same AVATAR servers that he did when he was considered an employee. He had no discretion in how to perform his work, or how to submit his work to AVATAR.

15. Despite the suggestions to the contrary in the "Independent Adjuster Agreement," Plaintiff was not an "independent adjuster;" he was expected to remain "loyal" to AVATAR, and to be available to perform work on request. As a matter of fact and law, Plaintiff was, in fact, an employee of AVATAR.

16. Between January 26, 2018 and mid-May, 2018, Plaintiff continued to perform inspections and perform services for AVATAR, and at all times material remained ready and available in an "on-call" status in excess of 40 hours per week to perform such services. Despite this, AVATAR did not pay Plaintiff the appropriate minimum wage for all of the hours that he worked and remained "on call," nor was he paid overtime for hours worked in excess of 40 per week.

17. Although AVATAR has not specifically advised Plaintiff whether he remains in its employ, by mid-May, 2018 his access to AVATAR's servers was blocked and he was removed from the list of "approved adjusters." Accordingly, Plaintiff believes that he was terminated.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY MINIMUM WAGE (AS TO ALL DEFENDANTS)

18. Plaintiff re-adopts and alleges paragraphs one (1) through seventeen (17) as if fully set forth herein.

19. This is an action for failure to pay minimum wage, as prohibited by the Fair Labor Standards Act, 29 USC §206.

20. Although classified as an "independent adjuster" or "independent contractor" by AVATAR, it exerted a level of control over him consistent with that of an employee. Accordingly, AVATAR misclassified Plaintiff, and, since he was an employee, AVATAR was required to pay him the applicable minimum wage for all hours worked, including those in which he was required to be on-call and available for work.

21. AVATAR failed to pay Plaintiff the prevailing minimum wage for all the hours that he worked and was "on-call," and Plaintiff was damaged accordingly.

22. ADHIA is personally liable for Plaintiff's damages, in that he was the officer or director primarily responsible for creating the policy(ies) that caused AVATAR to violate the Fair Labor Standards Act.

23. Defendants failed to timely correct their violations after having been put on notice of same, and thus these violations were willful.

24. Plaintiff is entitled to an award of all unpaid wages earned since January 26, 2018, plus an equal amount as liquidated damages, as well as attorney's fees, costs, and pre-judgment interest.

**WHEREFORE** Plaintiff KEN RAMOS demands judgment against Defendants as follows:

A. for the payment of all hours worked or "on-call" since January 26, 2018 by Plaintiff for which Defendant did not pay him at least the prevailing minimum wage, plus an equal amount in liquidated damages;

B. Pre-judgment interest;

C. Attorney's fees and costs; and

D. Any and all further relief that this Court determines to be just and appropriate.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME (AS TO ALL DEFENDANTS)

25. Plaintiff re-adopts and alleges paragraphs one (1) through seventeen (17) as if fully set forth herein.

26. This is an action for failure to pay overtime, as prohibited by the Fair Labor Standards Act, 29 USC §207.

27. Although classified as an "independent adjuster" or "independent contractor" by AVATAR, it exerted a level of control over him consistent with that of an employee. Accordingly, AVATAR misclassified Plaintiff, and, since he was an employee, AVATAR was required to pay him overtime at one-and-a-half times his regular rate of pay for all hours worked, including those in which he was required to be on-call and available for work, in excess of 40 hours per week.

28. AVATAR failed to pay Plaintiff overtime at one-and-a-half times his regular rate of pay for all weeks that he worked and was "on-call" in excess of 40 hours, and Plaintiff was damaged accordingly.

5

29. ADHIA is personally liable for Plaintiff's damages, in that he was the officer or director primarily responsible for creating the policy(ies) that caused AVATAR to violate the Fair Labor Standards Act.

30. Defendants failed to timely correct their violations after having been put on notice of same, and thus these violations were willful.

31. Plaintiff is entitled to an award of all unpaid overtime hours earned since January 26, 2018, plus an equal amount as liquidated damages, as well as attorney's fees, costs, and pre-judgment interest.

**WHEREFORE** Plaintiff KEN RAMOS demands judgment against Defendants as follows:

A. for the payment of all hours worked or "on-call" since January 26, 2018 by Plaintiff in excess of 40 hours per week, plus an equal amount in liquidated damages;

B. Pre-judgment interest;

C. Attorney's fees and costs; and

D. Any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## CONVERSION (STATE LAW) (AS TO DEFENDANT AVATAR)

32. Plaintiff re-adopts and alleges paragraphs one (1) through seventeen (17) as if fully set forth herein.

33. From January 26, 2018 until mid-May, 2018, Plaintiff performed services for AVATAR. AVATAR accepted the benefit of these services, and did not dispute his entitlement to payment for them. Accordingly, Plaintiff was entitled to receive wages for all hours of services rendered.

34. Defendant converted Plaintiff's wages by wrongfully retaining them and failing to pay all sums that were due to Plaintiff, and Plaintiff has been damaged accordingly.

35.     Conversion, in the context of unpaid wages, constitutes "wage theft." Pursuant to Florida Statute 448.08, a plaintiff is entitled to an award of attorney's fees in a case involving wage theft. Accordingly, Plaintiff is entitled to an award of attorney's fees from AVATAR.

**WHEREFORE**, Plaintiff KEN RAMOS demands judgment against Defendant AVATAR as follows:

A.   For all unpaid wages from January 26, 2018 through mid-May, 2018;

B.   Pre-judgment interest;

C.   Attorney's fees and costs pursuant to Florida Statute 448.08; and

D.   Any and all further relief that the Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Amended Complaint and on all other issues so triable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on BRIDGET E. MCNAMEE, ESQ., counsel for Defendants, at bmcnamee@johnsonjackson.com, this 13th day of February, 2019.

Respectfully submitted,

Ayo and Iken PLC

/s/ Jason Scott Coupal
Jason Scott Coupal
Florida Bar No.  82244
4807 US Highway 19, Suite 202
New Port Richey, Florida 34652
Telephone: (727) 844-7676
Fax: (866) 791-3494
E-mail: jasonc@myfloridalaw.com
Secondary e-mail: arely@myfloridalaw.com
Attorney for Plaintiff