## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KEN RAMOS,**

        **Plaintiff,**

                              **Case No.:  8:18-cv-2746-T-24CPT**

**v.**

**AVATAR PROPERTY &**
**CASUALTY INSURANCE COMPANY,**
**and HITESH P. ADHIA, an individual,**

        **Defendants.**

_____/

### DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Avatar Property & Casualty Insurance Company and Hitesh P. Adhia ("Defendants"), move to dismiss the Amended Complaint filed by Plaintiff, Ken Ramos, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  This motion is supported by the following Memorandum of Law.

### MEMORANDUM OF LAW

**I.**      **Introduction**

Like the initial Complaint in this action, Plaintiff's Amended Complaint fails to state a cause of action because it does not allege any cognizable claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), nor under Florida law.  Further, to extent the FLSA claims warrants dismissal, the Court should dismiss the state law claim for lack of jurisdiction.

II.     **Argument**

A.      **Plaintiff fails to meet the Rule 8 pleading standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A plaintiff must therefore provide more than mere "labels and conclusions" or a "recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While all well-pleaded material allegations must be accepted as true, a court should not accept legal conclusions that are presented as factual allegations or threadbare recitals of the elements when analyzing whether a plaintiff has stated a claim for relief. Ashcroft v. Iqbal, 556, U.S. 662, 678 (2009).

Further, Rule 8 requires a complaint to contain sufficient facts to show that the claim is "plausible on its face." Twombly, 550 U.S. at 570. The factual allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, the factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. And as the Eleventh Circuit has long held, "at a minimum, notice pleading requires that a complaint contain inferential allegations from which [the Court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001).

Because Plaintiff has failed to allege any actual violations of the FLSA, and instead asserts that he has a claim with mere legal conclusions, his Amended Complaint falls woefully short of the Rule 8 pleading standard. Further, no discernible state law cause of action is alleged. For these reasons, the Amended Complaint must be dismissed.

**B.    Plaintiff fails to plead that he actually worked any hours in any workweeks at a rate less than the minimum wage or that any "on-call" time was compensable at a minimum wage rate.**

The first count of the Amended Complaint attempts to state a claim under the minimum wage provision of the FLSA.  However, Plaintiff fails to plead that he actually performed work for Defendant Avatar during specific workweeks and was not paid at least the minimum wage for all hours worked up to 40 hours in those workweeks.  The closest Plaintiff comes to pleading this violation is paragraph 21, in which he summarily claims that Defendant Avatar "failed to pay Plaintiff the prevailing minimum wage for all the hours that he worked and was "on-call," and Plaintiff was damaged accordingly."  [ECF No. 23].  Even accepting this allegation as true for purposes of this motion, Count I fails to allege that Plaintiff actually performed work for which he was paid below the minimum wage during the time period he claims is at issue.  Rather, the allegations suggest that Plaintiff considers both hours worked as well as time that he was "on-call" to have been compensable.  See ¶ 21 at ECF No. 23.  But Plaintiff does not support how the time allegedly *not* worked (aka the time he was "on-call") was compensable.[1] And further, Plaintiff seems to seek "damages" for both the hours allegedly worked at a sub-minimum wage rate and the hours not worked (or "on-call"), without differentiation.

Notably, the pleading lacks any claim that Plaintiff was not paid at all during the time period at issue; instead, as paragraphs 13 and 14 and Exhibit A indicate, Plaintiff was paid as an independent contractor for the time period at issue, which only compounds the problem of Plaintiff's failure to plead which hours he believes he is owed minimum wages versus the hours

---

[1] The regulations to the FLSA provide that the "particular circumstances" will determine whether "waiting time" is considered compensable time.  See 29 CFR § 785.14 (citations omitted).  Further, "on-call time" is defined as time when an employee is "required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes" – and is specifically differentiated from time when an employee is "not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached[,]" which is not compensable.  29 CFR § 785.17 (citations omitted.)

he believes he deserves minimum wages for not working.  Therefore, reading the allegations in

total, a factfinder would be unable to conclude that Plaintiff's compensation under the agreement

attached as Exhibit A did not compensate him at a rate of at least the minimum wage for all

hours worked up to 40 in a workweek, because the pleading does not reveal how many hours

Plaintiff actually worked nor the rate at which he was compensated for those hours (if at all).

Likewise, there is no way to conclude from the pleading that Plaintiff has a right to relief for so-

called "on-call" time that was not worked, because he does not plead facts that would show such

time is compensable under the pertinent FLSA regulations.  As such, the allegations in Count I

do not sufficiently allege an FLSA claim.

     **C.**    **Plaintiff fails to plead that he actually worked more than 40 hours in any given workweek for which he is claiming overtime compensation is due**.

The allegations in Count II fail for similar reasons to those supporting dismissal of Count

I.  Specifically, Plaintiff fails to plead that he actually worked more than 40 hours per week in

specific workweeks and was not paid at an overtime rate for such hours.

Here again, Plaintiff attempts to plead such a claim by stating that Defendant Avatar

"failed to pay Plaintiff overtime at one-and-a-half times his regular rate of pay for all weeks that

he worked and was "on-call" in excess of 40 hours, and Plaintiff was damaged accordingly."

See ¶ 28 at ECF No. 23.  But this allegation does not clearly allege that Plaintiff *actually worked*

more than 40 hours per week in a given workweek, and instead seems to conflate time worked

with "on-call" time without any support for how such time would be compensable, let alone

compensable at an overtime rate.

At the outset, Defendants note that courts within the Eleventh Circuit have held that a

plaintiff is responsible for identifying a specific workweek(s) in which he/she worked more than

40 hours and was not compensated at an overtime rate.  See Stafflinger v. RTD Constructions,

Inc., No. 615CV1564ORL40TBS, 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015) (Smith, M.J.), report and recommendation adopted, No. 615CV1564ORL40TBS, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016) (dismissing complaint where the plaintiff did not identify a single workweek in which he worked in excess of 40 hours without appropriate payment and instead alleged a repeated failure to compensate him at a rate less than overtime for hours worked in excess of 40); Cooley v. HMR of Alabama, Inc., 259 F. Supp. 3d 1312, 1319 (N.D. Ala. 2017) (holding that plaintiffs must provide sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek at a rate less than the overtime premium for the overtime hours in order to state a plausible claim). Here, Plaintiff fails to identify actual workweeks when hours beyond 40 were worked and not paid at the appropriate overtime rate.

Assuming that Plaintiff will argue that the workweeks at issue span the entire period described in paragraphs 16-17 (which is not at all clear from the pleading), Count II still fails, for the same reason as does Count I: Plaintiff combines hours purportedly worked with hours in which he was allegedly "on-call," and does not support that the "on-call" time is compensable with sufficient factual allegations. As discussed above and in footnote 1 to this motion, the allegations do not demonstrate that such "on-call" time would be compensable under relevant law. Without this demonstration, the remainder of the pleaded allegations do not establish that Plaintiff worked any hours beyond 40 in any given workweek, because it cannot be discerned whether the time worked extended beyond 40 hours in a week or whether Plaintiff worked 40 hours or less but claims that he was "on-call" for the hours beyond those actually worked. For this reason, Count II fails to state a cause of action.

### C.    Plaintiff fails to state a claim for "conversion" of wages.

Plaintiff's final claim is brought under a theory not raised in the initial Complaint and a theory that arises under state law: conversion.  Plaintiff claim that Defendant "converted" his wages by "wrongfully retaining them and failing to pay all sums that were due to Plaintiff[,]" causing Plaintiff damages.  See ¶ 34 of ECF No. 23.  Through this count, Plaintiff seeks attorney's fees under Section 448.08, Florida Statutes.

First, to the extent this count seeks duplicative relief—in the form of wages—to that which is requested through Counts I and II, the claim is improper.  Plaintiff can recoup only those minimum wages and overtime wages to which he is owed under the FLSA's minimum wage and overtime provisions, along with any damages allowed by the FLSA, and cannot recover duplicative relief or other damages related to those same wages under theories other than the FLSA, because the obligation to pay a minimum wage and overtime emanates from the FLSA.  See, e.g., Chinea v. United Drywall Grp., No. 09-20274-CIV, 2010 WL 11506033, at *2 (S.D. Fla. Feb. 17, 2010).

To the extent the conversion claim seeks damages for monies converted under theories other than what Plaintiff attempts to allege in Counts I and II, Plaintiff has failed to allege Count III adequately.  "In an action for conversion of money, the money must be specific money that is capable of identification."  Tulepan v. Roberts, No. 14-CV-80574, 2015 WL 235441, at *5 (S.D. Fla. Jan. 16, 2015) (citing Navid v. Uiterwyk Corp., 130 B.R. 594, 595 (M.D.Fla.1991)).  But in any event, if Plaintiff seeks converted wages that he believes are actually due under the Independent Adjuster agreement attached as Exhibit A, a conversion claim would still not be an appropriate vehicle to seek such monies.  "A debt which may be discharged by the payment of money in general cannot form the basis of a claim for conversion."  Sarti v. Protective Servs.,

Inc., No. 09-20357-CIV, 2009 WL 1492024, at *2 (S.D. Fla. May 27, 2009) (citing Rosen v. Marlin, 486 So.2d 623, 625 (Fla. 3d DCA)).  And, "a mere obligation to pay money, generally, may not be enforced by a conversion action."  Advanced Surgical Technologies, Inc. v. Automated Instruments. Inc., 777 F.2d 1504, 1507 (11th Cir.1985) (internal quotations and citation omitted).

Further, the claim would not viable because the alleged conversion of the money owed for services is not independent from a failure to comply with the terms of the contract.  See Tulepan, 2015 WL 235441 at *7-8 (explaining that the Florida Supreme Court's holding in Tiara Condominium Ass'n, Inc. v. Marsh &McLennan Companies, Inc., 110 So. 3d 399 (Fla. 2015), which limits the economic loss rule's application outside of products liability context, did not disturb established precedent barring tort claims that fail to allege a breach independent of contractual breach of contract).

Finally, if Counts I and II are properly dismissed, the remaining allegations in the Complaint are insufficient to demonstrate the Court would have subject-matter jurisdiction over Count III.  Defendants would request that the Court decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over Count III if it finds the FLSA counts warrant dismissal. See Mousa v. Lauda Air Luftfahrt, A.G., 258 F. Supp. 2d 1329, 1347 (S.D. Fla. 2003) ("If all the federal law claims in an action have been eliminated before trial and only pendent state law claims remain, the court generally should [dismiss] the case, even though it was originally properly [filed] based upon federal question jurisdiction.") (citations omitted).

## III.    Conclusion

Because Plaintiff's allegations do not support the causes of action he attempts to allege, and because the Court can decline to exercise jurisdiction over the remainder of the case if Counts I and II are properly dismissed, the Amended Complaint must be dismissed.

WHEREFORE, based upon the foregoing, Defendants respectfully requests that the Court dismiss the Amended Complaint and grant such other and further relief as may be appropriate.

Respectfully submitted this 27th day of February, 2019.

/s/ Bridget E. McNamee
Kevin D. Johnson
Florida Bar No.: 13749
Bridget E. McNamee
Florida Bar No.: 96460
JOHNSON JACKSON LLC
100 N. Tampa St., Suite 2310
Tampa, FL 33602
Tel: 813-580-8400
Fax: 813-580-8407
Email: kjohnson@johnsonjackson.com
        bmcnamee@johnsonjackson.com
Secondary Email:
        cmarcheterre@johnsonjackson.com
        talbertson@johnsonjackson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27st day of February, 2019, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to counsel for Plaintiff as follows:

Jason Scott Coupal
Ayo and Iken PLC
4807 US Highway 19, Ste 202
New Port Richey, FL 34652
jasonc@myfloridalaw.com

8

/s/ Bridget E. McNamee
Attorney