UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEN RAMOS,

        Plaintiff,

v.                                                            Case No. 8:18-cv-2746-T-24 CPT

AVATAR PROPERTY & CASUALTY
INSURANCE COMPANY and HITESH
P. "JOHN" ADHIA,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion to Dismiss. (Doc. No. 26). Plaintiff opposes the motion. (Doc. No. 32). As explained below, the motion is granted in part and denied in part.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are

true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Plaintiff Ken Ramos alleges the following in his amended complaint (Doc. No. 23): Ramos was employed by Defendant Avatar Property & Casualty Insurance Company ("Avatar") as property and casualty adjuster. Prior to January 26, 2018, Ramos was paid a salary of $49,000 per year. However, on January 26, 2018, Avatar notified Ramos and other similarly situated employees that they would be reclassified as independent contractors. The change in classification did not result in a change in Avatar's control over him; it only changed Ramos' pay—Ramos no longer received a salary, but instead, he received a fee for particular services that he performed. As such, Ramos contends that at all times he remained an employee of Avatar.

After the change in classification, Ramos was still required to remain ready and available in an "on-call" status in excess of 40 hours per week. Ramos contends that his on-call time was compensable. However, Avatar failed to pay Ramos the required minimum wage for all hours work (including on-call hours) and failed to pay him overtime for the hours he worked in excess of 40 per week. In mid-May of 2018, Avatar terminated Ramos' employment.

As a result, Ramos filed suit against Avatar and its CEO/President, Hitesh P. Adhia. In his amended complaint, Ramos asserts three claims: (1) violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"); (2) violation of the overtime provisions of

the FLSA; and (3) a claim for conversion against Avatar. In response, Defendants filed the instant motion to dismiss.

## III. Motion to Dismiss

Defendants argue that all three claims should be dismissed. Specifically, Defendants argue that: (1) the FLSA claims are not sufficiently pled; and (2) Ramos cannot maintain a conversion claim. Accordingly, the Court will analyze both arguments.

### A. FLSA Claims

Defendants argue that Ramos' FLSA claims are not sufficiently pled, because Ramos did not provide sufficient detail regarding the hours that he worked, and Ramos did not provide enough factual support to show that his on-call time is compensable. The Court rejects these arguments as Ramos has sufficiently alleged that between January 26, 2018 until his termination in mid-May of 2018, he was not paid the required minimum wage for all hours worked and was not paid the overtime wage for hours worked in excess of 40 per week. Furthermore, Ramos alleges that his on-call time was compensable, and the Court must accept that factual allegation as true at this stage of the proceedings. To the extent that Defendants would like greater detail regarding Ramos' FLSA claims, they can obtain such information through discovery. Accordingly, the Court denies Defendants' motion to dismiss Ramos' FLSA claims.

### B. Conversion Claim

Next, Defendants argue that Ramos cannot maintain a conversion claim. Defendants offer several reasons for this contention, and the Court agrees that a conversion claim is not available to recover unpaid wages. The sole case cited by Ramos in support of his conversion claim, Ocean Club Community Association v. Curtis, 935 So. 2d 513 (Fla. 3d DCA 2006), does

not actually analyze the propriety of a conversion claim for unpaid wages. Instead, the court in Curtis merely stated that it had previously awarded the plaintiff damages on his conversion/unpaid wages claim. See id. at 514. The Curtis court provides no detail regarding the specifics of the conversion claim other than the fact that the plaintiff alleged that the defendant withheld income that the plaintiff had earned by giving tennis lessons at the defendant's club. See id. This Court is not persuaded by the Curtis case, which contains no analysis regarding the conversion claim.

Instead, the Court is persuaded by Chinea v. United Drywall Group, 2010 WL 11506033, at *2 (S.D. Fla. Feb 17, 2010), wherein the plaintiffs attempted to assert a conversion claim for unpaid wages. The Chinea court stated the following regarding the conversion claim:

> Under Florida law "a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion . . . ." For money to be the object of a claim for conversion . . ., there must be an obligation to "keep intact or deliver the specific money in question, so that the money can be identified." Thus, a debt that may be discharged by the payment of money in general cannot be the subject of a conversion claim. Based on Florida law, Plaintiffs cannot plead a claim for conversion. The money they seek, unpaid wages and overtime, is not clearly identifiable, specific money. Plaintiffs simply seek the payment of an alleged debt. Payment of money in general will satisfy that debt. Thus, under Florida law, Plaintiffs' claim for conversion must be dismissed.

Id. (internal citations omitted); see also Mejia v. Cambridge Specialty Construction Corp., 2009 WL 10700178, at *1 (S.D. Fla. Oct. 19, 2009)(dismissing the plaintiffs' conversion claim, as it was simply a claim to enforce an obligation to pay wages owed); Trenhs v. Fast Track Paving, Inc., 2011WL 13220345, at *3 (S.D. Fla. May 27, 2011). For the same reasons, Ramos' conversion claim fails.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (Doc. No. 26) is **GRANTED IN PART AND DENIED IN PART**: The motion is granted to the extent that the Court dismisses the conversion claim; otherwise, the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of April, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record